**MANDATE**

20-2692-cv
ICD Capital, LLC v. CodeSmart Holdings, Inc., Sharon Franey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of April, two thousand twenty one.

Present:  ROSEMARY S. POOLER,
          RICHARD J. SULLIVAN,
          MICHAEL H. PARK,
                    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr 30 2021

_____

ICD CAPITAL, LLC, INDIVIDUALLY AND DERIVATIVELY
ON BEHALF OF NOMINAL DEFENDANT CODESMART
HOLDINGS, INC.,

*Plaintiff-Appellant*,

v.                                              20-2692-cv

CODESMART HOLDINGS, INC., SHARON FRANEY,

*Defendants-Appellees*.[1]

_____

| | |
|---|---|
| Appearing for Appellant: | Joseph Michael Pastore III, Pastore & Dailey LLC, New York, N.Y. |
| Appearing for Appellees: | Sameer Rastogi, Sichenzia Ross Ference LLP (Michael H. Ference, Thomas P. McEvoy, *on the brief*), New York, N.Y. |

---

[1] The Clerk of Court is directed to amend the case caption to the above.

**MANDATE ISSUED ON 04/30/2021**

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

ICD Capital, LLC appeals from the July 13, 2020 order of the United States District Court for the Southern District of New York (Keenan, *J.*) denying leave to amend its complaint against CodeSmart Holdings, Inc., and its former chief operating officer, Sharon Franey. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

ICD Capital's proposed second amended complaint ("PSAC") asserts direct claims against Franey for negligent misrepresentation and aiding and abetting fraud and derivative claims on behalf of CodeSmart for breach of fiduciary duty and aiding and abetting Shapiro's purported breach of fiduciary duty. After dismissing ICD Capital's first amended complaint and providing an opportunity to amend, *ICD Cap., LLC v. CodeSmart Holdings, Inc.*, No. 14-CV-8355, 2020 WL 815733, at *9 (S.D.N.Y. Feb. 19, 2020) ("*CodeSmart I*"), the district court reviewed the proposed second amended complaint ("PSAC") and denied leave to amend for futility, *ICD Cap., LLC v. CodeSmart Holdings, Inc.*, No. 14-CV-8355, 2020 WL 3961617, at *10 (S.D.N.Y. July 13, 2020) ("*CodeSmart II*"). ICD Capital's appeal is limited to this denial. Where a district court denies leave to amend based on futility, we review de novo. *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Amending ICD's claim for negligent misrepresentation would be futile. Under New York law, a negligent misrepresentation claim requires "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) (internal quotation marks omitted). In the commercial context, liability for negligent representation is imposed "only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (internal quotation marks omitted). Because the transaction at issue is an arms-length stock purchase between two sophisticated entities, we agree with the district court that Franey did not owe ICD Capital a special duty.

Amendment would also be futile for ICD's aiding and abetting fraud claim. "[T]o plead properly a claim for aiding and abetting fraud, the complaint must allege: (1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud[.]" *Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*, 883 N.Y.S.2d 486, 489 (1st Dep't 2009) (internal quotation marks omitted). Plaintiffs must allege a defendant's "actual knowledge" of the underlying fraud and must do so in accordance with the heightened pleading standards of Rule 9(b). *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292-93 (2d Cir. 2006) (citation omitted).

Assuming ICD Capital plausibly alleged the existence of an underlying fraud based on the indictment and guilty plea of Ira Shapiro, CodeSmart's founder and CEO, its claim against Franey still fails because no factual allegations connect Franey to the fraud. ICD Capital argues that CodeSmart's issuance of a false press release regarding its purported arrangement with Ramapo College demonstrates Franey's knowledge of, and substantial assistance with, the fraud. However, the statements attributed to Franey in the PSAC reflect that Franey was not even aware of the premature press release until after a Ramapo representative complained and that Franey then promised that CodeSmart would not issue any more releases on the subject without Ramapo's consent. Nothing in the PSAC suggests that Franey knew of the falsity of the press release before it was issued. Besides the Ramapo College press release, ICD Capital rests its allegations of fraudulent intent almost entirely on Franey's status as chief operating officer. These generalized allegations of fraudulent intent do not satisfy the heightened pleading standards of Rule 9(b). *See Rombach v. Chang*, 355 F.3d 164, 176 (2d Cir 2004) ("[A] pleading technique that couples a factual statement with a conclusory allegation of fraudulent intent is insufficient to support the inference that the defendant acted recklessly or with fraudulent intent." (brackets and internal quotation marks omitted)).

ICD also alleged two derivative claims on behalf of CodeSmart—one for breach of fiduciary duty and the other for aiding and abetting breach of fiduciary duty. The district court and the parties agree that Florida law applies as Florida is the state of CodeSmart's incorporation. *CodeSmart II*, 2020 WL 3961617, at *8.

Under Florida law, "[t]he elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002) (footnote omitted). As for aiding and abetting a breach of fiduciary duty, a plaintiff must plausibly allege "(1) a fiduciary duty on the part of the primary wrongdoer, (2) a breach of this fiduciary duty, (3) knowledge of the breach by the alleged aider and abettor and (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing." *AmeriFirst Bank v. Bomar*, 757 F. Supp. 1365, 1380 (S.D. Fla. 1991) (citation omitted). Although ICD Capital argues to the contrary, Florida courts apply Federal Rule of Civil Procedure 9(b) to "torts that are not even necessarily fraudulent—such as a breach of fiduciary duty—as long as their underlying factual allegations include averments of fraud." *Ctr. for Individual Rights v. Chevaldina*, No. 16-CV-20905, 2018 WL 1795470, at *7 (S.D. Fla. Feb. 21, 2018); *see also Solidda Grp., S.A. v. Sharp Elecs. Corp.*, No. 12-CV-21411, 2012 WL 12863888, at *8 (S.D. Fla. Sept. 27, 2012) (applying Rule 9(b) to breach of fiduciary duty claim where the alleged breach was based on "committing fraudulent acts"); *Rogers v. Cisco Sys. Inc.*, 268 F. Supp. 2d 1305, 1310 (N.D. Fla. 2003) (applying Rule 9(b) to breach of fiduciary duty claim). Since ICD Capital itself alleges that "no business judgment . . . excuses this *fraudulent* behavior" in support of its derivative claims, App'x at 151 (emphasis added), we review these claims under the pleading standards of Rule 9(b).

The district court correctly dismissed the derivative claims. The PSAC lacks any factual allegations regarding when or how Franey breached any fiduciary duty to CodeSmart. ICD Capital argues that the "group pleading doctrine" permits it to plausibly allege Franey's liability as part of CodeSmart's leadership, without further specificity. Appellant's Br. at 27. This doctrine states that "the identification of the individual sources of statements is unnecessary

3

when the fraud allegations arise from misstatements or omissions in group-published documents, such as . . . registration statements, press releases, or other 'group published information' that presumably constitute the collective actions of those individuals involved in the day-to-day affairs of the corporation." *Durgin v. Mon*, 659 F. Supp. 2d 1240, 1253 (S.D. Fla. 2009) (citation omitted). Even assuming the doctrine applies to breach of fiduciary duty claims, ICD Capital presents only "conclusory allegations regarding the role [Franey] played in [CodeSmart]." *Id.* at 1254. ICD Capital highlights its allegations that Franey signed some SEC filings and that Franey was a full-time employee of the company. However, ICD Capital does not allege which SEC filings Franey signed or what made them false. Additionally, the PSAC does not allege that Franey signed, created, or presented any of the other allegedly fraudulent statements in the private placement memorandum, press releases, or interviews. Therefore, ICD Capital has failed to allege with particularity that Franey was even part of the "group" that committed the fraud. The same reasoning applies to the aiding and abetting claim because "[c]onclusory statements that a defendant 'actually knew' [about the breach of fiduciary duty] are insufficient to support an aiding and abetting claim where the facts in the complaint only suggest that the defendant 'should have known that something was amiss.'" *Lamm v. State Street Bank & Tr. Co.*, 889 F. Supp. 2d 1321, 1332 (S.D. Fla. 2012) (some internal quotation marks omitted). The PSAC does not allege more than that. Accordingly, amendment would be futile for these derivative claims.

      We find no error in the district court's denial of leave to amend. We have considered the remainder of ICD Capital's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*/s/ Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*/s/ Catherine O'Hagan Wolfe*